# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JEREMY DeFOUR,** | ) |
| | ) |
| Plaintiff, | )  Case No. 7:22CV00379 |
| | ) |
| v. | )  **OPINION AND ORDER** |
| | ) |
| **LIEUTENANT WEBBER, ET AL.,** | )  JUDGE JAMES P. JONES |
| | ) |
| Defendants. | ) |
| | ) |

*Jeremy DeFour, Pro Se Plaintiff; Anne M. Morris and Laura Maughan,* OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, CRIMINAL JUSTICE & PUBLIC SAFETY DIVISION, *Richmond, Virginia, for Defendant.*

The plaintiff, Jeremy DeFour, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging various violations of his constitutional rights by his named defendants, employees of the Virginia Department of Corrections (VDOC).[*] Now before the court are DeFour's motion seeking to file a supplemental complaint and his motion seeking interlocutory injunctive relief. I will deny both motions.

---

[*] The defendants to the claims in this action (designated as Claim Group 5 as severed from his original Complaint and supplemented in the Second Amended Complaint, ECF No. 16) are Bates, Booker, Brown, Bryant, Edmonds, Forbes, Moore, Sgt. Randolph, Ross, Rosson, Walker, and Webber.

A. Motion to Supplement.

The Second Amended Complaint in this case alleges that the existing defendants retaliated against DeFour in various ways because of his filing grievances and lawsuits during his confinement at Buckingham Correctional Center (Buckingham). Generally, he alleges that Defendant Webber spread a rumor that DeFour was an informant, which allegedly caused another inmate to attack DeFour and a "Pod Mentor" inmate on May 31, 2022. Second Am. Compl. ¶¶ 15–24, ECF No. 16. Webber also authorized two allegedly fabricated or false disciplinary charges against DeFour (one for threatening bodily harm to Defendant Bates and one for aggravated assault to the assailant inmate). At some point thereafter, officials transferred DeFour to Red Onion State Prison (Red Onion), a higher security level facility.

In the proposed supplement to his pleading, DeFour wants to add § 1983 claims against four VDOC administrators: Director Harold Clarke, Director of Operations A. David Robinson, Director of Special Investigation Unit (SIU) Paul Haymes, and Special Investigator Todd Watson. According to DeFour, he has notified these individuals in unspecified ways about the past, alleged wrongdoings by the defendants named in the Second Amended Complaint, but Clarke, Robinson, Haymes, and Watson have failed to take any action to "sanction" the previously named defendants or to "redress[ ] DeFour's grievances in unspecified ways. Mot.

Suppl. 2, ECF No. 26-1.  DeFour characterizes this alleged inaction as "tacit authorization" of the defendants' supposed misconduct.  *Id.*  DeFour alleges generally that VDOC "has a widespread problem of officers and administrators falsifying documents and submitting false reports to perpetrate or cover up misconduct" and to "retaliate[ ] against inmates for filing grievances."  *Id.* at 1.

I do not find a factual basis on which to grant DeFour's motion seeking to add these administrative defendants to his lawsuit.  He does not state the method or the dates by which he notified these officials of the alleged retaliation by the defendants that occurred at Buckingham.  DeFour's general statements that officials overlook retaliatory actions of their subordinates have no factual support and, as such, I need not take such statements as true.  *Walker v. Prince George's Cty*, 575 F.3d 426, 431 (4th Cir. 2009) ("[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to plead a claim" and court is "'not bound to accept as true a legal conclusion couched as a factual allegation'") (internal quotation marks and citations omitted).  Therefore, I will deny DeFour's motion seeking to supplement his list of defendants.

B. Motion for Interlocutory Injunctive Relief.

In DeFour's motion seeking interlocutory injunctive relief, he makes several claims.  He claims that because of allegedly false disciplinary charges the defendants brought against him at Buckingham, officials there raised his security level and

transferred him to Red Onion in mid-September 2022. He alleges that defendant Bates at Buckingham allegedly confiscated or misdirected boxes of his personal property to retaliate against him for past actions. He alleges that nondefendant officials at Red Onion have denied him medical and mental health medications, showers, meals, commissary access, and recreation, and have threatened to harm him because he has a reputation for filing lawsuits. Because of these recent events, DeFour claims that he fears for his life at Red Onion, and he seeks immediate court intervention.

In response to DeFour's motion, the defendants provide affidavit evidence that DeFour's personal property was not confiscated and has since been shipped to him at Red Onion. The defendants also provide evidence that DeFour's medication was available upon request at Red Onion and now that he has been examined by the doctor there, it will be provided to him daily. Their evidence also indicates that DeFour is receiving mental health medications, met with a psychiatrist at Red Onion soon after his arrival, and has met with other mental health staff multiple times since his transfer. The defendants' evidence indicates that outside recreation at Red Onion has been restricted somewhat due to COVID-19 concerns. It also shows that DeFour has received and accepted meals each day since his transfer; that when offered recreation and showers there, DeFour has refused these opportunities several times; and that he has had the opportunity to purchase items from the commissary. In fact,

the defendants state that as a general population inmate at Red Onion, DeFour can now purchase more food items than were available to him while he was in segregation at Buckingham.

DeFour has responded to the defendants' evidence, primarily complaining that officers at Red Onion have turned off their body cameras while verbally threatening to harm him. He also contends that Bates violated numerous state policies regarding the disposition of the personal property he possessed at Buckingham.

A party seeking interlocutory injunctive relief must state facts clearly showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Each of these four factors must be satisfied. *Id.* Temporary restraining orders, which DeFour also seeks, are issued even more rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. Fed. R. Civ. P. 65(b). Such an order would only last until such time as a hearing on a preliminary injunction could be arranged.

DeFour has not stated facts showing that any type of interlocutory injunctive relief is warranted in this case. As an initial matter, a temporary restraining order is

inappropriate because he fails to show a need for intervention before the defendants could respond. Indeed, the defendants have already responded to his allegations.

And DeFour also does not offer evidence warranting a preliminary injunction. I find no evidence suggesting that he is currently in imminent danger of suffering any irreparable harm from the alleged actions of the defendants at Buckingham, which involved verbal threats, allegedly delayed medical care, and property problems, at most.

First, DeFour has no likelihood of success on his § 1983 claims that Bates violated state property regulations. State law violations are not independently actionable under § 1983. *Riccio v. Cnty. of Fairfax,* 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, state's failure to abide by that law is not federal due process issue). Moreover, DeFour fails to show that inability to possess all desired personal property items will cause him irreparable harm.

Second, DeFour has been transferred to Red Onion and is no longer in the custody of the defendants in this case, who work at Buckingham. Thus, the defendants have no authority over the living conditions or medical or mental health care of which he complains at Red Onion.

Third, DeFour fails to show that delays of medical or mental health care at Red Onion have placed him at any risk of serious harm. *Sharpe v. S.C. Dep't of*

*Corr.*, 621 F. App'x 732, 734 (4th Cir. 2015) (unpublished) ("A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain.") (citation omitted).  Similarly, allegations of verbal abuse and harassment by guards there, without more, do not state any constitutional claim.  *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (unpublished).

For the reasons stated, DeFour has not stated facts meeting the required factors under *Winter* so as to warrant the extraordinary form of relief he seeks.  If DeFour fears adverse actions by Red Onion officials, he should utilize the grievance procedure there.  He may, if warranted, also file a new and separate civil action concerning those actions.

For the stated reasons, it is **ORDERED** that the motion seeking interlocutory injunctive relief, ECF No. 25, and the motion seeking to supplement the plaintiff's pleading, ECF No. 26, are DENIED.

ENTER:   November 29, 2022

/s/  JAMES P. JONES
Senior United States District Judge